**SEALED**

AO 442 (Rev. 01/09) Arrest Warrant

# UNITED STATES DISTRICT COURT
for the
Western District of Texas

| United States of America | ) |
|---|---|
| v. | ) |
| | ) Case No. MO-09-CR-314 (1) |
| David Alberto Montealegre | ) |
| Defendant | ) |

## ARREST WARRANT

To: Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
*(name of person to be arrested)* David Alberto Montealegre,
who is accused of an offense or violation based on the following document filed with the court:

☑ Indictment ☐ Superseding Indictment ☐ Information ☐ Superseding Information ☐ Complaint
☐ Probation Violation Petition ☐ Supervised Release Violation Petition ☐ Violation Notice ☐ Order of the Court

This offense is briefly described as follows:

Bankruptcy fraud and concealment of assets

A true copy of the original, I certify.
Clerk, U. S. District Court

By _____ Deputy

Date: 12/02/2009

_____
*Issuing officer's signature*

City and state: Midland, Texas

S. Mendenhall, Deputy Clerk
*Printed name and title*

---

**Return**

This warrant was received on *(date)* _____, and the person was arrested on *(date)* _____
at *(city and state)* _____

Date: _____

_____
*Arresting officer's signature*

_____
*Printed name and title*

**SEALED** **SEALED** FILED

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

DEC 2 2009

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CRIMINAL NO. |
| | ) **INDICTMENT** |
| Plaintiff, | ) |
| | ) [Vio: 18 U.S.C. § 157 - |
| V. | ) Bankruptcy Fraud |
| | ) 18 U.S.C. § 152 - |
| DAVID ALBERTO MONTEALEGRE, | ) Concealment of assets] |
| | ) MO09CR314 |
| Defendant. | ) |

THE GRAND JURY CHARGES:

## OVERVIEW

1. Beginning at a time unknown but no later than in or about December 2003 and continuing until March 2005, defendant DAVID ALBERTO MONTEALEGRE, aided and abetted by others known and unknown to the Grand Jury, knowingly and with intent to defraud, devised, participated in, and executed a scheme to defraud his creditors by: (1) filing petitions for bankruptcy protection on behalf of himself that contained numerous material misrepresentations and omissions; and (2) making fraudulent misrepresentations, omissions, claims, and promises concerning and in relation to his bankruptcy proceedings, for the purposes of enabling him to discharge his outstanding debts, while continuing secretly to maintain control over and access to assets and property in Texas, Mexico, and elsewhere.

2. A bankruptcy case is commenced by filing a petition in bankruptcy. The person or entity seeking relief from debts is referred to as the "debtor."

3. The commencement of a bankruptcy case triggers what is known as an "automatic stay"

-1-


A true copy of the original, I certify.
Clerk, U. S. District Court
By_____ Deputy

against the debtor's creditors, who are immediately forbidden from taking any action on claims they may have against the debtor or the debtor's property unless permission of the bankruptcy court is first obtained.

4. Aside from the automatic stay, the filing of a petition in bankruptcy has another immediate effect: it creates, by operation of law, what is known as the bankruptcy "estate." The bankruptcy "estate" is administered by a court-appointed trustee and includes any property of any kind in which the debtor has legal or equitable interest. Furthermore, the "estate," subject to only a few exceptions, includes everything the debtor owns, without regard to value. An equitable interest in property exists where an individual, even though he may not possess legal title to the property, nevertheless enjoys the property, governs its use, and pays for maintenance, upkeep, and ownership of the property.

5. A petition filed under Chapter 7 of the bankruptcy code does not allow the debtor to remain in possession of the property comprising the bankruptcy estate. Instead, the Chapter 7 process requires the debtor to disclose all property, claim any exemptions, and then allow the bankruptcy trustee to sell all the non-exempt property (a process known as "liquidation") and expeditiously pay creditors as much as possible.

6. The debtor is obligated to disclose all assets, including contingent and unliquidated claims, on the bankruptcy petition. The debtor's duty to disclose all assets continues for the duration of the bankruptcy proceeding and may involve, for example, the filing of amended schedules.

7. If the debtor in a Chapter 7 bankruptcy proceeding successfully completes the bankruptcy process, the debtor will, with a few limited exceptions, obtain permanent discharge from most past debts.

8. As early as 1998, Defendant MONTEALEGRE owned a business called Computron USA, Inc. (hereinafter "Computron"), which operated as an internet dial-up service with customer accounts.

9. In December 1998, defendant MONTEALEGRE moved in with Brandi Johns, a woman with whom he would have three children over the next six years. While never ceremonially married, defendant MONTEALEGRE held himself out to the public as married to Johns.

10. On or about October 31, 2000, defendant MONTEALEGRE obtained a commercial loan from Comerica Bank for Computron's business activities.

11. On or about November 15, 2002, defendant MONTEALEGRE registered a domain name called "ASTGroup.us." On or about December 18, 2002, defendant MONTEALEGRE aided Johns in filing an assumed name certificate for a newly created entity called Advanced Security Technologies ("AST") in the name of Johns. Later, defendant MONTEALEGRE aided Johns in opening a bank account for AST at Guaranty Bank.

12. At an unknown date in 2003, defendant MONTEALEGRE transferred the Computron customer accounts to AST with little or no documentation or remuneration.

13. At an unknown date in 2003, defendant MONTEALEGRE began negotiations with another company, Efanz, Inc., to sell the Computron/AST customer accounts to Efanz, Inc. On December 5, 2003, defendant MONTEALEGRE sold the customer accounts to Efanz, Inc., and directed Efanz, Inc. to remit payment to Johns's AST bank account at Guaranty Bank. On December 23, 2003, Efanz, Inc. made a $100,000 payment by transferring the funds into the AST account at Guaranty Bank.

14. On or about December 8, 2004, defendant MONTEALEGRE filed a Chapter 7 bankruptcy

petition on behalf of himself, listing a former dba Computron USA, Inc. The bankruptcy case, entitled <u>In re David Montealegre, Debtor</u>, Cause Number 04-70885, was filed in the United States Bankruptcy Court for the Western District of Texas, in which defendant MONTEALEGRE originally listed $128,275 in assets and $905,051.93 in liabilities. On or about March 9, 2005, defendant MONTEALEGRE received a final discharge of $1,236,944.08 in liabilities in the personal bankruptcy proceeding.

15. In connection with the bankruptcy proceeding, defendant MONTEALEGRE was required to and did file and cause to be filed a list of creditors, a schedule of assets and liabilities, a schedule of current income and expenses, a schedule of current monthly expenditures, and a statement of financial affairs. These schedules and statements required defendant MONTEALEGRE to disclose all property, including equitable interests in property, owned or controlled by defendant MONTEALEGRE. Defendant MONTEALEGRE executed these schedules and statements under penalty of perjury.

## COUNT ONE
## [18 U.S.C. § 157]
## [Bankruptcy Fraud]

16. The Grand Jury re-alleges and incorporates by reference the allegations of paragraphs 1 through 15.

17. Beginning in or about December 2003 and continuing until in or about March 2005, in the Western District of Texas and elsewhere, defendant DAVID ALBERTO MONTEALEGRE, aided and abetted by others known and unknown to the Grand Jury, knowingly and with intent to defraud, devised, participated in, and executed a scheme or artifice to defraud his

-4-

creditors by means of: (1) filing petitions for bankruptcy protection under Title 11 of the United States Code; (2) filing documents in connection with a proceeding under Title 11; and (3) at times before and after the filing of the petition, making fraudulent representations, including omissions, claims, and promises, concerning and in relation to a proceeding under Title 11. All in violation of Title 18, United States Code, Section 157.

18. The purpose of the scheme was to enable defendant MONTEALEGRE to discharge his outstanding debts through the filing of bankruptcy petitions on behalf of himself, while continuing secretly to maintain control over and access to assets and property in Texas, Mexico, and elsewhere that could and should have been made available to satisfy his unpaid obligations to creditors.

19. The scheme was accomplished, in substance, through the following means, among others:

### Defendant MONTEALEGRE Conceals a Pending Insurance Claim

20. On or about May 19, 2004, defendant MONTEALEGRE filed an insurance claim for property allegedly lost during a move from Texas to Mexico in early 2004, prior to the bankruptcy filing. On December 15, 2004, approximately one week after the bankruptcy filing, defendant MONTEALEGRE contacted the insurance company regarding payment of the claim. The insurance claim was paid on January 6, 2005, after the bankruptcy filing, but prior to the discharge, in the amount of $84,531.25. Defendant MONTEALEGRE misrepresented and failed to disclose the pending insurance claim in the following ways, among others:

   a. In response to Question 9 on Schedule B, which required disclosure of "Interests in

-5-

insurance policies," defendant MONTEALEGRE falsely answered "none."

b. In response to Question 20 on Schedule B, which required disclosure of "Other contingent and unliquidated claims of every nature," defendant MONTEALEGRE falsely answered "none."

c. In response to Question 8 on the Statement of Financial Affairs, which required disclosure of "all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement of this case or since the commencement of this case," defendant MONTEALEGRE falsely answered "none."

### Defendant MONTEALEGRE Conceals a Residence in Guadalajara, Jalisco, Mexico

21. On or about January 5 and 6, 2004, defendant MONTEALEGRE caused two wire transfers from Johns's account in Texas to defendant MONTEALEGRE's ex-wife's, Teresa Guzman Gomez, account in Mexico in the amounts of $80,000 and $20,000 respectively. Defendant MONTEALEGRE used $70,000 to purchased a home in Guadalajara, Mexico, and lived there until about June 2004. The remaining $30,000 was allegedly stolen by his ex-wife. Defendant MONTEALEGRE did not list the Mexico property, any interest in it, or any potential claim against his ex-wife for the theft on any of his bankruptcy filings. Defendant MONTEALEGRE misrepresented and failed to disclose the Mexico home in the following ways, among others:

a. In response to Question 10 on the Statement of Financial Affairs, which required disclosure of "all other property . . . transferred either absolutely or as a security

within one year immediately preceding the commencement of this case," defendant MONTEALEGRE falsely answered "none."

b. In response to Question 14 on the Statement of Financial Affairs, which required disclosure of "all property owned by another person that the debtor holds or controls," defendant MONTEALEGRE falsely answered "none."

c. In response to Question 15 on the Statement of Financial Affairs, which required disclosure of "all premises which the debtor occupied during [the two years immediately preceding the commencement of this case] and vacated prior to the commencement of this case," defendant MONTEALEGRE listed only two premises, both of which were in Texas, neither of which were in Mexico.

### Defendant MONTEALEGRE Conceals Multiple Bank Accounts

22. Defendant MONTEALEGRE owned or controlled multiple bank accounts at the time of and shortly before the bankruptcy filing. Defendant MONTEALEGRE misrepresented and failed to disclose the following bank accounts:

Active Accounts as of December 8, 2004 Bankruptcy Filing:

a. Odessa City Employees Credit Union #XX79-(checking): Defendant MONTEALEGRE was the account holder on this checking account, which had a balance of $8,932.91 as of the December 8, 2004 bankruptcy filing.

b. Odessa City Employees Credit Union #XX79-(savings): Defendant MONTEALEGRE was the account holder on this savings account, which had a balance of $2,000.48 as of the December 8, 2004 bankruptcy filing.

c. <u>PayPal account # XXXXXX1006</u>: Defendant MONTEALEGRE was the account holder on this account, which had a balance of $938.67 as of the December 8, 2004 bankruptcy filing.

d. <u>Farmers & Merchants Bank # XX6708</u>: Defendant MONTEALEGRE was the account holder on this account, which had a balance of $217.43 as of the December 8, 2004 bankruptcy filing.

e. <u>Compass Bank # XXXX5061</u>: Defendant MONTEALEGRE was the account holder on this account, which had a balance of $6.94 as of the December 8, 2004 bankruptcy filing.

f. <u>Moody Bank # XXXXXX2714</u>: Defendant MONTEALEGRE was the account holder on this account, which had a balance of $2.80 as of the December 8, 2004 bankruptcy filing.

g. Defendant MONTEALEGRE misrepresented and failed to disclose the above accounts in the following way, among others: In response to Question 2 on Schedule B, which required the disclosure of "Checking, savings or other financial accounts," defendant MONTEALEGRE listed only one account: "Checking Account at Compass Bank, Lake Jackson, TX" in the amount of "$80."

<u>Accounts Closed Within One Year Preceding December 8, 2004 Bankrupcty Filing</u>

h. <u>Compass Bank # XXXX5815</u>: This bank account, in the name of Computron Inc. and David Montealegre, was closed on December 22, 2003.

i. <u>Compass Bank # XXXX6472</u>: This bank account, in the name of Computron Inc. and David Montealegre, was closed on February 10, 2004.

-8-

j. <u>Compass Bank # XXXX7010</u>: This bank account, in the name of Brandi Johns and Advanced Security Technologies, was closed on March 11, 2004 with a balance of $13,262.23.

k. <u>Guaranty Bank # XXX-XXXX145</u>: This bank account, in the name of Brandi Johns and Advanced Security Technologies, was closed on July 1, 2004.

l. Defendant MONTEALEGRE misrepresented and failed to disclose the above accounts in the following way, among others: In response to Question 11 on the Statement of Financial Affairs, which required disclosure of "all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within one year immediately preceding the commencement of this case," defendant MONTEALEGRE falsely answered "none."

### Defendant MONTEALEGRE Conceals Proceeds from Sale of Tour Bus

23. As part of his scheme to conceal assets, defendant MONTEALEGRE set up another shell company called AST Coach, LLC, which was also set up in Johns's name. Using AST Coach, LLC, defendant MONTEALEGRE purchased a 1980 Eagle Model 10 tour bus for $56,500 on or about January 13, 2004. On or about August 25, 2004, less than four months before the bankruptcy filing, defendant MONTEALEGRE sold the bus for $58,863.88, which monies were deposited in defendant MONTEALEGRE's undisclosed Farmers & Merchants Bank account # XX6708. Defendant MONTEALEGRE misrepresented and failed to disclose the tour bus in the following ways, among others:

-9-

a. In response to Question 1 on the Statement of Financial Affairs, which required disclosure of "income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the [bankruptcy filing]," defendant MONTEALEGRE falsely answered that he had only received $2,500 in unemployment income.

b. In response to Question 14 on the Statement of Financial Affairs, which required disclosure of "all property owned by another person that the debtor holds or controls," defendant MONTEALEGRE falsely answered "none."

### Defendant MONTEALEGRE Makes False Statements Under Oath at Section 341 Hearing

24. Pursuant to Title 11, United States Code, Section 341 ("341 hearing"), a debtor in a bankruptcy proceeding must submit, at a hearing, to questioning under oath by the trustee and creditors concerning the debtor's assets, liabilities, and financial affairs.

25. On or about January 3, 2005, at a 341 hearing conducted in the presence of the bankruptcy trustee and creditors, defendant MONTEALEGRE was placed under oath and thereafter made the following material misrepresentations and omissions:

a. Defendant MONTEALEGRE affirmed that he had reviewed and signed the schedules and statement of financial affairs, and further affirmed that all of the information in his personal bankruptcy petition was truthful, accurate, and complete. In fact, and as defendant MONTEALEGRE well knew, the schedules and statements were not truthful, accurate, and complete, in that, as discussed more fully in paragraphs 20 through 23 above, they concealed and failed to disclose:

  i. the pending insurance claim about which he continued discussions with the insurance company passed the bankruptcy filing and before the final discharge;

  ii. the real property located in Guadalajara, Mexico;

  iii. the tour bus sale for which he received proceeds in the year prior to the bankruptcy filing; and

  iv. the multiple bank accounts, both active and recently closed.

b. Defendant MONTEALEGRE affirmed that nobody held any property for him or his benefit that was not reflected on the bankruptcy filings. In fact, defendant MONTEALEGRE well knew that he had set up more than one shell company in the name of Johns so that he could control those assets without having to claim ownership of those assets.

c. Defendant MONTEALEGRE falsely claimed that a bank foreclosed on all the assets of the Computron business. In fact, defendant MONTEALEGRE well knew that he had transferred the Computron customer accounts, which were assets worth at least $100,000, to AST before selling them to Efanz, Inc.

d. Defendant MONTEALEGRE falsely claimed that he did not have any kind of claim that would result in the receipt of monetary recovery. In fact, defendant MONTEALEGRE well knew that he had a pending insurance claim for items lost or damaged in the move from Texas to Mexico.

**Defendant MONTEALEGRE Misrepresents Multiple Facts and**

-11-

## Circumstances That Misled the Bankruptcy Trustee and Creditors About the Availability of Assets that Could be Liquidated to Pay Creditors of the Estate

26. Defendant MONTEALEGRE made additional misrepresentations regarding multiple facts and circumstances about his financial affairs. Had defendant MONTEALEGRE been truthful, accurate, and complete in his bankruptcy filing, the trustee and creditors would have had a better opportunity to identify assets that could be liquidated to pay creditors of the bankruptcy estate. Defendant MONTEALEGRE made the following material misrepresentations and omissions:

27. In response to Question 7 of the Statement of Financial Affairs, which required disclosure of "all gifts or charitable contributions made within one year immediately preceding the commencement of this case," defendant MONTEALEGRE answered "none." In fact, defendant MONTEALEGRE had made numerous transfers of assets to Johns directly or any of Johns's companies, which defendant MONTEALEGRE created in Johns's name.

28. In response to Question 10 of the Statement of Financial Affairs, which required disclosure of "all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within one year immediately preceding the commencement of this case," defendant MONTEALEGRE answered "none." In fact, defendant MONTEALEGRE had made numerous transfers, including, but not limited to:

   a. the transfer of Computron assets to Johns's company, AST;

   b. the transfer of the proceeds of the sale of Computron/AST assets from the undisclosed Guaranty Bank account to defendant MONTEALEGRE's ex-wife in

-12-

Mexico;

c.   the purchase and sale of the tour bus; and

d.   all transfers of funds from the multiple undisclosed bank accounts.

29. In response to Question 15 of the Statement of Financial Affairs, which required disclosure of "all premises which the debtor occupied during [the two years immediately preceding the commencement of this case] and vacated prior to the commencement of this case," defendant MONTEALEGRE listed only two premises: one in Lake Jackson, Texas (the homestead), and a Cisco, Texas address, which defendant MONTEALEGRE claimed he lived in from March 2004 to August 2004. In fact, defendant MONTEALEGRE predominately lived in Mexico from about January 2004 to June 2004, yet defendant MONTEALEGRE never disclosed this premise as one he occupied for any period of time.

30. In response to Question 16 of the Statement of Financial Affairs, which required disclosure "of the debtor's spouse and of any former spouse who resides with or resided [within the last six years] with the debtor in the community property state," of which Texas is one, defendant MONTEALEGRE answered with the name of a woman different than that of Johns. In fact, defendant MONTEALEGRE had been living with Johns since December 1998 and had three children with her between 2000 and 2004. In addition, defendant MONTEALEGRE, in October 2004, less then two months before the bankruptcy filing, wrote a letter to a state judge in Harris County, Texas, claiming that Johns was in fact his wife, that she was pregnant with their third child, and further acknowledging that he was in the process of filing for bankruptcy.

31. In response to Question 18 of the Statement of Financial Affairs, which required disclosure

| Count Seven | Farmers & Merchants Bank account # XX6708 in the amount of $2.80 | December 8, 2004 |
| Count Eight | 1980 Eagle Model 10 tour bus valued at $58,863.88 | August 25, 2004 |

Each in violation of Title 18, United States Code, Section 152(7).

A TRUE BILL.

_____
Foreperson of the Grand Jury

JOHN E. MURPHY
UNITED STATES ATTORNEY

AUSTIN M. BERRY
Assistant United States Attorney

"of all businesses in which the debtor was an officer director, partner, or managing executive ... within the **six years** immediately preceding the commencement of this case," defendant MONTEALEGRE only listed Computron. In fact, defendant MONTEALEGRE had control over all the affairs of AST and AST Coach, LLC.

## COUNTS TWO THROUGH EIGHT
### [18 U.S.C. § 152]
### [Concealment of Assets]

32. The Grand Jury re-alleges and incorporates by reference the allegations of paragraphs 1 through 15.

33. Beginning in or about December 2003 and continuing until in or about March 2005, in the Western District of Texas and elsewhere, defendant DAVID ALBERTO MONTEALEGRE, aided and abetted by others known and unknown to the Grand Jury, knowingly and fraudulently transferred and concealed the following property:

| Count | Property | Approximate Date |
|---|---|---|
| Count Two | Insurance claim proceeds in the amount of $84,531.25 | January 6, 2005 |
| Count Three | Residential home in Mexico valued at $70,000 | January 2004 |
| Count Four | Odessa City Employees Credit Union bank account #XX79-(checking) in the amount of $8,932.91 | December 8, 2004 |
| Count Five | Odessa City Employees Credit Union bank account #XX79-(savings) in the amount of $2,000.48 | December 8, 2004 |
| Count Six | PayPal account # XXXXXX1006 in the amount of $938.67 | December 8, 2004 |

-14-

| Fax Call Report | HP LaserJet M3035 MFP Series |
|---|---|
| | Page 1 |

## Fax Header Information

U.S. Attorney s Office
608-264-5054
Jan-28-2010 07:27 AM

| Job | Date/Time | Type | Identification | Duration | Pages | Result |
|---|---|---|---|---|---|---|
| 3885 | Jan-28-2010 07:20 AM | Receive | 608785985 | 6:10 | 18 | Success |

# FBI
## LA CROSSE, WISCONSIN
## MILWAUKEE DIVISION



**600 NORTH THIRD STREET**
**ROOM 203**
**LA CROSSE, WISCONSIN 54601**
**TELEPHONE NUMBER: 608-782-6030**
**FAX NUMBER: 608-785-0743**

FROM: Andy John
TO: Duty AUSA
FAX #: _____  DATE: 01/28/2010
NUMBER OF PAGES, INCLUDING COVER SHEET: _____
CONTENTS: This is guy I plan on arresting & bringing to Madison this AM for IA. Pls. call, f Qs, Thx, Am
    CELL- 608-216-6579

# SEALED

PERSONAL DATA SHEET
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS

MO 09CR314

| | | UNSEALED: |
|---|---|---|
| SEALED: XX | | |
| COUNTY: Midland | DIVISION: MIDLAND/ODESSA | JUDGE: JUNELL |
| DATE: December 2, 2009 | MAG CT #: N/A | FBI #: |
| CASE NO: MO-09-CR- | ASSISTANT U.S. ATTORNEY: AUSTIN M. BERRY | |
| | | DOB: XXXX |
| DEFENDANT: DAVID ALBERTO MONTEALEGRE | | |
| ADDRESS: XXXXXXXXXXXXXXXXXXXX | | |
| CITIZENSHIP: USC & MX | INTERPRETER NEEDED No   LANGUAGE: | |
| DEFENSE ATTORNEY: No attorney yet | | EMPLOYED APPOINTED |
| DEFENDANT IS: No bond set – Not arrested | | |
| DATE OF ARREST: Not arrested | | BENCH WARRANT: XXX |
| PROBATION OFFICER: | | |
| NAME AND ADDRESS OF SURETY: | | |
| YOUTH CORRECTIONS ACT APPLICABLE: No | | |
| PROSECUTION BY: Indictment | | |
| OFFENSE (Code and Description): Ct. 1: 18 USC 157 – Bankruptcy Fraud; Cts. 2-8: 18 USC 152 – Concealment of Assets | | |
| OFFENSE IS: FELONY | | |
| MAXIMUM SENTENCE: Cts. 1-8 (each): A term of imprisonment not to exceed 5 years; a term of supervised release not to exceed 3 years; a fine not to exceed $250,000; and a $100 mandatory special assessment. | | |
| PENALTY IS MANDATORY: As stated above. | | |
| REMARKS: AGENT: Tom Price, S/A Federal Bureau of Investigation 1004 North Big Spring Street, Suite 600 Midland, Texas 79701 | | |